UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LORETTA AZUKA OBI,

                          Plaintiff,

- against --

WESTCHESTER MEDICAL REGIONAL
PHYSICIAN SERVICES, P.C., and
MIDHUDSON REGIONAL HOSPITAL,

                          Defendants.

Civil Action No.
19-cv-03022 (VB)

**STIPULATION AND [PROPOSED] ORDER GOVERNING THE PROTECTION OF CONFIDENTIAL MATERIALS**

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/1/20

---

WHEREAS, Plaintiff Loretta Obi ("Plaintiff"), and Defendants Westchester Medical Regional Physician Services, P.C. ("RPS") and MidHudson Regional Hospital ("MidHudson Hospital," and, together with RPS, "Defendants") (Defendants, together with Plaintiff, the "Parties," and each individually a "Party"), in the above-captioned action (the "Action") intend to produce, or seek the production of, documents and data that may contain sensitive personal, proprietary, business or professional, or legally-confidential information, and

WHEREAS those documents and data normally would not be revealed to third parties, and disclosure of those documents and data could be highly prejudicial to the parties to the Action and to other persons,

WHEREAS, materials requested during discovery in this Action may be protected under New York State Public Health Law Section 2805-k, New York State Public Health Law Section 2805-M, New York State Education Law Section 6527, the Health Insurance Portability and Accountability Act, and/or the Health Care Quality Improvement Act, and any amendments to, and regulations regarding, the aforementioned statutes, and are required by law to be produced under strict confidential means,

NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff, a *pro se* litigant, and Defendants, through their undersigned attorneys in the Action, as follows:

1. "Discovery Material", as such term is used herein, shall refer to:

All documents and other discovery materials, including electronically stored information, produced by any Party (i) in response to any discovery request, (ii) pursuant to any order or direction from the Court, (iii) in response to any order or subpoena in connection with the Action, or (iv) pursuant to any agreement of the Parties;

2. All Discovery Material disclosed by the Parties shall be handled by the Parties in accordance with this Stipulation of Confidentiality (the "Stipulation").

3. Any Party may designate documents as confidential but only after review of the document(s) by the *pro se* Plaintiff or by an attorney who has in good faith determined that the document(s) contain(s) information protected from disclosure by statute, or that should be protected from disclosure as confidential information pursuant to New York State Public Health Law Section 2805-k, New York State Public Health Law Section 2805-M, New York State Education Law Section 6527, the Health Insurance Portability and Accountability Act, and/or the Health Care Quality Improvement Act, and any amendments to, and regulations regarding, the aforementioned statutes. The term, "Confidential Discovery Material" shall apply to all documents designated as "Confidential" and all information contained in such documents.

4. A Party may designate documents as confidential and restricted in disclosure under this Stipulation by identifying the documents to be designated by bates number in writing, and/or placing or affixing the words "Confidential Discovery Material" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the "Confidential" designation. The designation "Confidential Discovery Material" does not mean

that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Stipulation.

5. The Parties shall not use or disclose any Confidential Discovery Material other than in connection with the Litigation, and as set forth herein.

6. No Party shall be obligated to challenge the propriety of the designation of any Confidential Discovery Material, and a failure to do so shall not preclude any subsequent objection to such designation or any motion to the Court to seek permission to disclose such Confidential Discovery Material to persons not referred to in this Stipulation.

7. A Party may at any time notify any other Party, in writing, or in the case of testimony, either upon the record of such testimony or in writing later, of its objection to the designation of any material as "Confidential Discovery Material." If the objection cannot be resolved by agreement of the Parties within a reasonable period of time thereafter, the Party seeking such designation may seek resolution of the matter from the Court. In the event such resolution is sought, the Discovery Material shall be treated as Confidential Discovery Material and subject to this Stipulation until the matter has been resolved by agreement of the Parties or by Order or direction of the Court.

8. No Confidential Discovery Material may be disclosed to any person except:

   a. The Parties;

   b. Counsel of record and such counsel's employees and agents;

   c. Such outside experts, consultants and vendors as counsel may, in good faith, require to provide assistance in the conduct of the Action;

   d. The Court and court reporters/videographers in connection with the Action, including depositions in connection therewith;

   e. Witnesses, deponents, or prospective witnesses that a Party may consider deposing or calling at trial, to the extent it is reasonably necessary that such

information be shown for purposes of conducting the Action, and, further, only to such witnesses, deponents, or prospective witnesses agree to be bound by the terms of this Stipulation and to maintain the confidentiality of the material;

f. Any other person as to whom the producing Party agrees in writing;

g. Any court, legislative or administration body or person as described in Paragraph 13 below.

9. In the event any Confidential Discovery Material may or must be used as an exhibit to a publicly-accessible filing, including, but not limited to, as an attachment or exhibit to a Party's motion, it must be properly redacted pursuant to U.S. District Court, Southern District of New York local rules and other applicable law, including, but not limited to, the redaction of all personal identifying information and protected health information.

10. Notwithstanding anything in this Stipulation, following the conclusion of the Action, the non-disclosing party to the Action agrees to either destroy, delete, or return to the disclosing party to the Action all originals or copies of Confidential Discovery Material. Nothing in this Paragraph shall prohibit either Party's counsel from retaining originals or copies of Confidential Discovery Material, but in no event may counsel for the non-disclosing party to the Action distribute originals or copies of Confidential Discovery Material to his or her client following the conclusion of the Action.

11. To the extent originals or copies of Confidential Discovery Material must be distributed to any of the persons described in paragraph 8(c), (e), and (f), counsel of record for the non-disclosing party to the Action shall be responsible for ensuring that the person receiving originals or copies of Confidential Discovery Material agrees to be bound by the terms of this Stipulation by execution of the written Certification annexed hereto.

12. Nothing contained in this Stipulation shall be deemed a waiver of any privilege or immunity or to affect or determine in any way the discoverability and admissibility of any document, testimony, or other evidence. The provisions of this Stipulation are without prejudice to the right of any Party to seek other or additional protection for any documents or information that such Party believes may not be adequately protected by the provisions of this Stipulation.

13. If at any time any Confidential Discovery Material protected by this Stipulation is subpoenaed from the non-disclosing party by any court, administrative or legislative body, turnover of such material is permitted after, and only after, immediate notice of such subpoena is issued to the original disclosing party and the original disclosing party is provided at least ten (10) calendar days in which to challenge such subpoena.

14. Any reference to counsel, counsel of record, or Party's counsel shall, for the purpose of Plaintiff, be read and understood to indicate Plaintiff, as a *pro se* Party, or any such counsel designated as her representative during this Action.

15. This Stipulation and Proposed Protective order may be executed in counterparts, each of which shall be deemed part of the original.

**[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURES ON FOLLOWING PAGE]**

Dated: New York, New York
      August ___, 2020

LORETTA AZUKA OBI

_Obi  8/28/2020_

Loretta Azuka Obi
112 Roaring Brook Road
Chappaqua, New York 10514

*Pro Se* Plaintiff

VENABLE LLP

_____ 8.31.2020

Brian J. Clark, Esq.
Allison B. Gotfried, Esq.
VENABLE LLP
1270 Avenue of the Americas
24th Floor
New York, NY 10020

*Attorneys for Defendants*

SO ORDERED:

~~Hon. Vincent Briccetti,~~
~~United States District Judge~~

Dated: New York, New York
      August ___, 2020
      9/1

MAG. JUDGE DAVISON

-6-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORETTA AZKUKA OBI,<br><br>                                    Plaintiff,<br><br>- against –<br><br>WESTCHESTER MEDICAL REGIONAL PHYSICIAN SERVICES, P.C., and MIDHUDSON REGIONAL HOSPITAL,<br><br>                                    Defendants. | Civil Action No.<br>19-cv-03022 (VB) |

THE STIPULATION AND ORDER GOVERNING THE PROTECTION OF CONFIDENTIAL MATERIALS

CERTIFICATION

I certify that I understand that confidential information is being provided to me under the terms and restrictions of the Stipulation and Order Governing the Protection of Confidential Materials ("Stipulation and Order") entered into by Plaintiff (*pro se*) and Defendants, United States District Court for the Southern District of New York, Civil Action No. 19-cv-03022 (VB), and that I have been given a copy of and have read the Stipulation and Order and agree to be bound by it. For purposes of enforcing or interpreting the terms of the Stipulation, I agree to submit to the jurisdiction of this Court.

Signed: _____

Print Name: _____

Dated: _____